UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>TERCALO THOMAS | No. 23 CR 6<br><br>Judge Steven C. Seeger |

**GOVERNMENT'S SENTENCING MEMORANDUM**

Defendant Tercalo Thomas repeatedly victimized a child under the age of ten in his care. Defendant leveraged the position of trust he had with the child and used her to produce sexually explicit images and videos. He then trafficked her images as barter to amass a vast collection of images of other children's sexual abuse. His conduct has forever decimated scores of children's lives. Given the aggravated nature and circumstances of this case, and considering the factors enumerated in 18 U.S.C. § 3553(a), the government recommends a sentenced of 600 months' imprisonment.

**I.　BACKGROUND**

**A. Procedural History**

On January 5, 2023, defendant Tercalo E. Thomas was charged by indictment with sexual exploitation of a minor and child pornography offenses. R.1. On October 9, 2025, defendant pleaded guilty, pursuant to plea agreement, to Count One (sexual exploitation of a minor, in violation of 18 U.S.C. § 2251(a)) and Count Three (possession of child pornography, in violation of 18 U.S.C. § 2252(a)(5)(b)). Dkt. 81, 82.

1

Defendant is scheduled to be sentenced before this Court on January 22, 2026, at 1:30 p.m. Dkt. 81.

### B. The Offense Conduct

From the time she was five years old, until his arrest in April 2022, defendant profoundly and repeatedly sexually abused an eight year old girl, Minor Victim 1, a child in his custody, care, and control. PSR ¶ 10. The sexual abuse occurred in two states, when defendant traveled with the minor from Illinois to his sister's house in Indiana. *Id*. In addition, defendant memorialized the abuse, and distributed those recordings and images to others online. PSR ¶ 8, 9, 11.

Defendant possessed over 1,500 images depicting child sex abuse materials, primarily of Minor Victim 1 who was under 12 years old, as well as children as young as toddlers at the time the images were produced, on his Samsung cellphone located on his person at the time of his arrest. PSR ¶ 9. The images included acts of penetration. *Id*.

Defendant's sexual abuse of Minor Victim 1 exposed her to a sexually transmitted disease, for which she was prescribed medication for treatment. PSR ¶ 12, 73.

The § 3553(a) factors weigh in favor of a sentence of 600 months, as explained below.

### II. GUIDELINES CALCULATIONS

The government agrees with the Probation Department that defendant's advisory Guidelines sentencing range is 600 months' imprisonment. PSR ¶ 107.

2

Defendant is also subject to a mandatory minimum term of 15 years' imprisonment. PSR ¶ 106. The government believes that a careful consideration of the aggravating and mitigating factors justifies a sentence of 600 months' imprisonment.

### III. ARGUMENT AS TO SENTENCING FACTORS

After calculating the guidelines range, this Court must consider the factors described in 18 U.S.C. § 3553(a) to reach a reasonable sentence, viewing the guidelines range as discretionary. *United States v. Booker,* 543 U.S. 220, 266 (2005), *Gall v. United States*, 552 U.S. 38, 49-50 (2007). For the reasons set forth below, and as will be detailed further at the sentencing hearing, the government recommends defendant be sentenced to the maximum statutory sentence on each of the two counts of conviction to run consecutively. Such a sentence is "sufficient, but not greater than necessary" to satisfy the statutory sentencing objectives of 18 U.S.C. § 3553(a).

#### A. The Nature and Circumstances of the Offense

The seriousness of this offense cannot be overstated. Defendant was an avid collector of child exploitation images, particularly of prepubescent children. Unsatisfied by his depraved collection, he created his own. Defendant groomed, enticed, persuaded, and used a prepubescent minor in his care to engage in illegal sexual conduct to satiate his prurient interests. Defendant has affected not only the life of Minor Victim 1; he also has caused damage to the victims depicted in the images he collected from the internet. Defendant's conduct fuels an industry driven by sexual depravity. Like-minded child pornography traffickers seek younger and more violent depictions of child exploitation and abuse daily. The Court's goal in sentencing

defendant should mirror the guidelines goal to weaken that market. *United States v. Barevich*, 445 F.3d 956, 959 (7th Cir. 2006). ("[t]he overarching goal of the sentencing guideline enhancements is to weaken the market for child pornography.") Young children are raped and degraded in order to enable the production of child pornography that defendant downloaded. "The greater the customer demand for child pornography, the more that will be produced." *United States v. Goldberg*, 491 F.3d 668, 672 (7th Cir. 2007).

As a direct result of defendant's conduct, Minor Victim 1 will live with specter of defendant's sexual abuse and exploitation for the rest of her life. Defendant used his position of trust and manipulated Minor Victim 1 corrupting her innocence. He thereby sentenced her to serve a lifetime of suffering. This Court's sentence should reflect the same.

The significant negative impact of defendant's crime makes this Section 3553(a) factor, i.e., the nature and circumstances of the offense, weigh heavily in favor of an impactful sentence of incarceration.

### B.  The History and Characteristics of Defendant

The government recognizes the significant negative experiences in defendant's childhood and upbringing, but all the more reason for him to know and understand the devastating impacts of childhood abuse. PSR ¶ 56, 66. Defendant has a good history of employment, minimal contacts with law enforcement, and served in the military. PSR ¶ 89-97, 100.

4

### C. The Need to Promote Respect for the Law, Provide Just Punishment, and Afford Adequate Deterrence

With respect to adequate deterrence to criminal conduct, while defendant has no criminal history, the serious nature of defendant's crimes warrants a sentence that specifically deters him from future dangerousness to the community.

A sentence of 600 months' incarceration in this case would address deterrence, promote respect for the law, and would provide just punishment for defendant. Such a sentence would be a strong message to defendant and other pedophiles, that their conduct is serious and will be punished accordingly. Anything less is insufficient to serve the Section 3553(a) factors.

### D. The Need to Protect the Public from Further Crimes

In addition, this Court is obligated to look at additional facts and circumstances to fashion a sentence that more appropriately addresses this particular defendant. Given the length of time that defendant's abuse continued and the volume of material he accumulated, it would not be surprising that defendant would engage in further child exploitation crimes in the future. The abuse and exploitation of minors was more than his hobby, it was his vocation. There is no doubt that defendant presents a very high risk of recidivism. Only a lengthy imprisonment term will protect the public from defendant's future criminal conduct. A lengthy prison sentence conveys to the defendant that his offenses are serious and he should respect the law. *See United States v. Kapordelis*, 569 F.3d 1291, 1318 (11th Cir. 2009)[1]

---

[1] Kapordelis was convicted of production and receipt of child pornography for conduct that took place before April 30, 2003, when the statutory penalties were increased. 569 F.3d

5

**E.     The Kinds of Sentences Available**

In this case, a sentence of incarceration is appropriate. Defendant is not eligible for a sentence of Probation. PSR ¶¶ 112-113.

**F.     The Need to Avoid Unwarranted Sentencing Disparities Among Defendants Found Guilty of Similar Conduct.**

The recommended Guidelines sentence of 600 months imprisonment is not an unreasonable sentence, and certainly would not be anomalous to other convictions in federal court.

In December 2012, the United States Sentencing Commission published a comprehensive report examining federal sentencing policy in child pornography cases.[2] In its report, the Commission found that production offenses, as here, cause a substantial impact on the victim, "[c]hild pornography offenses result in substantial and indelible harm to the children who are victimized by both production and non-production offenses." *Id*. at 330-331. The Commission updated its findings in October 2021, noting that "[o]ffenders who produce child pornography use a variety of tactics to manipulate minors, and most offenses involve sexual contact with the victim. The typical production offender maintains a position of trust over the victim and has physical access to the child during the production of child pornography." Federal

---

at 1299-1305; PROTECT Act, Pub. L. No. 108-21, § 103, 117 Stat. 652-53 (April 30, 2003). Therefore, his sentence of 420 months was the statutory maximum penalty available at the time for his crimes.

[2] Federal Child Pornography Offenses, Report to Congress, United States Sentencing Commission (2012), available online at: https://www.ussc.gov/research/congressional-reports/2012-report-congress-federal-child-pornography-offenses (last accessed January 15, 2026).

Sentencing of Child Production Pornography Offenses, Report to Congress, United States Sentencing Commission (2021) at 7, available online at: https://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-publications/2021/20211013_Production-CP.pdf (last accessed January 15, 2026). The Commission further identified three factors that are relevant to the court's determination of an appropriate sentence: "(1) proximity, a measure of the offender's physical location and relationship with the victim; (2) participation, a measure of the offender's interaction with the victim(s); and (3) propensity, a measure of the offender's tendency to engage in child pornography conduct or exploitation outside of the instant production offense." *Id*. at 32. All three factors are present here. First, defendant positioned himself to be in close proximity and in a position of trust with the victim. Second, he abused that trust and used it to have ready interaction and contact with the victim where he used her to engage in sexual abuse. And third, defendant has a history of sexually abusing Minor Victim 1 spanning several years, which stopped only based on law enforcement intervention. Further, defendant collected child sex abuse images of other prepubescent minors showing a tendency toward further abuse and exploitation outside the present offense. The Commission found that longer sentences were imposed for defendants with these three factors. *Id*. at 50.

## **CONCLUSION**

WHEREFORE, the United States respectfully requests that the Court sentence the defendant to an appropriate sentence of 600 months' incarceration.

Dated: January 15, 2025.                                Respectfully submitted,

                                                ANDREW S. BOUTROS
                                                United States Attorney

                            By:    */s/ Elly Moheb*
                                                Elly Moheb
                                                Assistant United States Attorney
                                                219 South Dearborn Street
                                                Chicago, Illinois 60604
                                                (312) 353-5300